Mr. Chief Justice Shahkev
delivered the opinion of the court.
This action was instituted to recover the amount of a promissory note, given by the plaintiff to the defendant. It was proved on the trial, that the note was given for the purchase of an improvement on public land made by the defendant. It also appeared that at the time of the contract the defendant went round the improvement and showed it to the plaintiff, and agreed not to enter the adjoining land; which agreement she violated.
The counsel for the defendant below requested the court to charge the jury, that this consideration was not sufficient in law to entitle the plaintiff below to recover; which the court refused to do, and a verdict was found for the plaintiff. A bill of exception was taken, which presents no other point than the validity of the contract, and the cause comes to this court by writ of error.
There is no law that authorises or justifies the settlement of individuals on public land; on the contrary, the laws of the United States prohibit it; and however general the practice, such settlers can be considered in no other light than as trespassers. Congress has in several instances, by extending the right of preemption, sanctioned such acts and virtually abolished the rigor of the law, by extending a benefit to the settlers in consequence of an act *152 ■which was originally illegal; but these are special laws, having reference only to a particular class of individuals, designated by the particular time at which they happened to be in possession. The general law is unaltered, and it does not appear that the defendant comes within the provision of any particular law which would give color of title or exempt her from the imputation of a trespasser. The plaintiff purchasing under her could claim no better right; it was therefore an agreement to pay a certain sum of money for the privilege of continuing the trespass. It is doubtless an advantage to the government that the public lands should be improved, but we are to adjudicate on the laws as we find them, and not on the policy of them.
The consideration on which this contract was founded is an act prohibited by law, and therefore insufficient to sustain the action.
In the case of Toller v. Armstrong, 4 Washington’s Circuit Court Reports, 297, which was afterwards affirmed by the supreme court of the United States, reported in 11 Wheaton, Judge Washington laid down the rule to be, “ that no man ought to be heard in a court of justice who seeks to enforce a contract founded in or arising out of moral or political turpitude.” I do not wish to be understood as applying the word “turpitude” as aptly illustrative of the act of the defendant: it was certainly, however, a trespass, and comes equally within the meaning of the rule. The case cited was not unlike the present, and the judge, in malting his application of the rule, said, that so far as this rule operated to discharge the perpetration of an immoral or illegal act, it is founded on the strongest reason.
It does not appear that the plaintiff took possession at the time of making the contract; and if he had, I am not prepared to say that the rule would be altered.
The case reported in 6 Wendell, 648, would seem to sanction the right to recover in this case, being somewhat analogous to the present. There, however, possession was given, and I do not know how far such possession might have been sanctioned by the laws of New York, the property belonging to the state.
The court then laid down the rule to be, that when the consideration was prejudicial to the plaintiff or beneficial to the defendant, it was sufficient to entitle the party to recover. This is *153 certainly true if the act forming the consideration was legal, and on that ground I presumed it was sustained. It will not do, however, to make a general application of this rule, or contracts for the commission of the grossest crime might be enforced on the ground of being prejudicial to one party and beneficial to the other. I think the rule will be found to be, that the prejudice to the plaintiff or benefit to the defendant must arise from a legal act, and not an illegal or immoral one..
The judgment of the court below must be reversed and a venire de novo awarded.